IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 22-cr-00247-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PERRION GRAY,

    Defendant.

## ORDER

This matter comes before the Court on Defendant Perrion Gray's Motion to Dismiss Indictment Under Second Amendment. (ECF No. 19). As set forth below, the Court DENIES the motion.

### I. BACKGROUND

Defendant was indicted on one count of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). Under § 922(g)(1), it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." Defendant moves to dismiss the indictment, arguing that § 922(g)(1) is facially unconstitutional because the statute infringes on an individual's right to possess and use a firearm under the Second Amendment. (ECF No. 19). Defendant relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) for his constitutional challenge. The

Government argues that § 922(g)(1) does not regulate protected conduct, does not violate the Second Amendment, is consistent with *Bruen*, and is, therefore, constitutional. (ECF No. 20).

## II. STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may challenge an indictment before trial only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (citation and internal quotations omitted). An indictment is tested "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citation omitted). In the instant motion, Defendant does not dispute that the Indictment charges him with an offense under § 922(g)(1). Defendant only challenges the constitutionality of § 922(g)(1) on its face in light of *Bruen*. This issue, therefore, may be decided as a matter of law before trial. Fed. R. Crim. P. 12(b)(3).

## III. ANALYSIS

Under the Second Amendment of the United States Constitution, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In *Bruen*, the Supreme Court held that—consistent with *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010)—the Second and Fourteenth Amendments protect the right of law-abiding citizens to carry a handgun for self-defense outside of the home. *Bruen*, 142 S. Ct. at 2122. The Supreme Court determined that New York's licensing regime for public carry was unconstitutional because only applicants who could "demonstrate a special need for self-defense" would be granted a license for

public carry. *Id*. at 2156. The *Bruen* majority delineated the analysis a court must conduct when evaluating a Second Amendment challenge:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id*. at 2129–30. Justice Alito, in his concurrence, clarified:

> Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns.

*Id.* at 2157 (Alito, J., concurring).

In applying *Bruen*, the Court must first examine whether the Second Amendment's plain text applies to Defendant. The Government argues that *Bruen* does not apply to the immediate case because the right delineated in *Heller* was limited to "law-abiding citizens." (ECF No. 20, pp. 2-3). Some district courts outside of the Tenth Circuit have accepted such an argument and found that § 922(g)(1) is constitutional because individuals convicted of a felony are excluded from Second Amendment protections. *See United States v. Price,* No. 2:22-CR-00097, 2022 WL 6968457, at *8 (S.D.W. Va. Oct. 12, 2022) ("I am convinced that the Supreme Court left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons through its decision in *Bruen* by reaffirming and adhering to its reasoning in *Heller* and *McDonald*."); *United States v. Collette*, No. MO:22-CR-00141-DC, 2022 WL 4476790, at *1 (W.D. Tex. Sept. 25, 2022) (finding that there is a historical tradition in excluding felons from the definition of "the people" as contemplated by the First and Fourth Amendments and finding § 922(g)(1) constitutional).

Three district courts within the Tenth Circuit have declined to read *Bruen* and *Heller* as narrowly and determined that the Second Amendment's plain text and the Constitution do presumptively protect a felon as a "person." *See United States v. Carrero*, No. 2:22-CR-00030, 2022 WL 9348792, at *1 (D. Utah Oct. 14, 2022) (finding § 922(g)(1) constitutional post-*Bruen*); *United States v. Coombes*, No. 22-CR-00189-GKF, 2022 WL 4367056, at *4 (N.D. Okla. Sept. 21, 2022); *United States v. Kays*, No. CR-22-40-D, 2022 WL 3718519, at *2 (W.D. Okla. Aug. 29, 2022) (finding § 922(g)(8) and § 922(n) constitutional and denying the defendant's motion to dismiss the indictment).[1]  There is no dispute that the Smith & Wesson 9mm handgun constitutes an "arm" within the Second Amendment's protection.  (ECF No. 1, p. 2).

The Court adopts the analysis of its sister district courts within the Tenth Circuit and finds that Defendant is covered by the Second Amendment's plain text.  *Heller*, 554 U.S. at 581 ("We start therefore with a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans."); *see Coombes*, 2022 WL 4367056, at *4 ("[I]t is clear that convicted felons fall within 'the people' as contemplated by the First and Fourth Amendments. Based on existing precedent and well-established canons of construction, the court declines to carve out felons from the scope of the Second Amendment's protection of 'the people.'").

Having determined that Defendant is presumptively within the scope of the Second Amendment, the Court next examines whether the Government has justified the regulation by "demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30.  The Court finds that the Government has satisfied its burden.

---

[1] The Tenth Circuit has already addressed a similar case when ruling on the constitutionality of § 922(g)(8), noting that "*Bruen* did not address the constitutionality of § 922(g)(8), and no court has found § 922(g)(8) unconstitutional since *Bruen*." *United States v. Haas*, No. 22-5054, 2022 WL 15048667, at *2 n.1 (10th Cir. Oct. 27, 2022); *see also United States v. Siddoway*, No. 1:21-CR-00205-BLW, 2022 WL 4482739, at *1 (D. Idaho Sept. 27, 2022) (finding § 922(g)(1) constitutional after *Bruen*).

It is undisputed that jurisdictions throughout history have had the ability to regulate the possession of a weapon. While the often-cited William Blackstone asserted that the right to keep and bear arms was "one of the fundamental rights of Englishmen," he also noted that gun owners had to be qualified to keep a gun. 5 William Blackstone, Commentaries *182 ("[W]here a person *qualified to keep a gun*, is shooting at a mark, and undesignedly kills a man: for the act is lawful, and the effect is merely accidental.") (emphasis added); 2 William Blackstone, Commentaries *143-44 ("The fifth and last auxiliary right of the subject . . . is that of having arms *for their defence suitable to their condition and degree, and such as are allowed by law* . . . .") (emphasis added); *McDonald*, 561 U.S. at 768. In 1897, the Supreme Court noted that:

> The law is perfectly well settled that the first 10 amendments to the constitution, commonly known as the 'Bill of Rights,' were not intended to lay down any novel principles of government, but simply to embody certain guaranties and immunities which we had inherited from our English ancestors, and which had, from time immemorial, been subject to certain well-recognized exceptions, arising from the necessities of the case.

*Robertson v. Baldwin*, 165 U.S. 275, 281 (1897).

Indeed, in *Roberston*, the Supreme Court specifically noted that "the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons." *Id.* at 281–82. Moreover, various jurisdictions during the founding of the United States had enacted regulations or taken steps to prohibit "suspect groups" from possessing arms. *See* Don B. Kates & Clayton E. Cramer, *Second Amendment Limitations and Criminological Considerations*, 60 Hastings L.J. 1339, 1360-62 (2009). Justice Thomas, in writing for the majority in *Bruen,* detailed how certain groups of people have historically had their right to possess a weapon regulated. *Bruen*, 142 S. Ct. at 2150-56 (2022). Most convincingly, the Supreme Court in *Heller* noted that "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on

5

longstanding prohibitions on the possession of firearms by felons and the mentally ill." 554 U.S. at 626.

Defendant essentially argues that the Court may only look to regulations prohibiting felons possessing firearms around 1791, as presumably, "the farther forward in time one goes from 1791, the less probative historical evidence becomes." (ECF No. 19, p. 8). While *Heller* did not detail every regulation in existence at the time of the ratification of the Constitution, "we know at least that statutory prohibitions on the possession of weapons by some persons are proper, and exclusions need not mirror limits that were on the books in 1791." *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011) (internal quotations and citation omitted); *see also United States v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010); *Coombes*, 2022 WL 4367056, at *6-10 (listing history of regulations); *Carrero*, 2022 WL 9348792, at *3 (listing cases). The Court finds that § 922(g)(1), survives post-*Bruen*. *See also United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037, at *3 (D. Mont. Oct. 31, 2022) ("Ultimately, because *Bruen* does not disturb the felon dispossession component of *Heller*, it does not render § 922(g)(1) unconstitutional.").

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss Indictment Under Second Amendment is DENIED.  (ECF No. 19).

DATED this 10th day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge